UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
PEDRO NOLASCO, on behalf of himself,
individually, and on behalf of all others similarly-situated,

                          **COMPLAINT**

            Plaintiff,                **Docket No.:**

        -against-                 Jury Trial Demanded

MIRANDA INTERNATIONAL INC. d/b/a
DR. SHINE, and GOTARDO CORTEZ, individually,

            Defendants.
---------------------------------------------------------------------X

      Plaintiff, PEDRO NOLASCO ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against MIRANDA INTERNATIONAL INC. d/b/a DR. SHINE ("Dr. Shine"), and GOTARDO CORTEZ ("Cortez"), individually, (both, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

      1.    This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice at

1

hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a shoe repair company and its owner and day-to-day overseer - - as a shoe maker from April 14, 2011 through January 2017.  As described below, throughout his employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and NYLL, in that Defendants required Plaintiff to routinely work more than forty hours per workweek, but failed to compensate him at the statutorily-required overtime rate for each hour that he worked per week in excess of forty.

3.      Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday, or with an accurate wage notice at the time of hire, as the NYLL requires.

4.      Defendants paid and treated all of their shoe makers in the same manner.

5.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York Law.

7.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and pursuant to 28 U.S.C. §

1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

9. At all relevant times, Defendant Miranda International Inc. d/b/a Dr. Shine was and is a New York corporation, with its principal place of business located at 509 Madison Avenue, Lower Level, New York, New York 10022.

10. At all relevant times, Defendant Gotardo Cortez was and is the owner of Defendant Dr. Shine. In that capacity, Defendant Cortez personally managed and oversaw the day-to-day operations of Dr. Shine and was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Cortez had the power to hire and fire and approve all personnel decisions with respect to Defendant Dr. Shine's employees. He also directly supervised all of Defendants' employees, including for Plaintiff.

11. At all relevant times, Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, Dr. Shine's qualifying annual business exceeded and exceeds $500,000, and Dr. Shine is engaged in interstate commerce within the meaning of the FLSA, as it uses products, supplies, and other materials in the course of its business, such as cleaning supplies and polish, much of which originates in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise. Moreover, Defendants accepted payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state

companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

**BACKGROUND FACTS**

16. On April 14, 2011, Plaintiff commenced his employment with Defendants as a shoe maker, and worked in this position, at the Manhattan address listed above, until he resigned on January 10, 2017.

17. As a shoe maker, Plaintiff's main duties consisted of repairing shoes for Defendants' clients.

18. Throughout his employment, Defendants required Plaintiff to work five days per week, starting his workday at approximately 8:30 a.m. and ending at approximately 6:30 p.m., while rarely, if ever, providing him with an uninterrupted break during his shift. Thus, by approximation, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did routinely work, fifty hours per week.

19. Throughout the entirety of his employment, Defendants paid Plaintiff a flat weekly salary of $1,000.00, which was intended to cover only the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $25.00.

20. Throughout the entirety of Plaintiff's employment, Defendants failed to pay Plaintiff at any rate of pay, much less at the applicable overtime rate of time and one-half his regular rate, which is $37.50, for any hours that Plaintiff worked over forty in a workweek.

21. By way of example, during the week of January 3, 2016, through January 10, 2016, Defendants required Plaintiff to work, and Plaintiff did work, five days, from 8:30 a.m. until 6:30 p.m., for a total of fifty hours, but during that week, Defendants did not pay Plaintiff at any rate for the hours that he worked in excess of forty.

22. Defendants paid Plaintiff on a weekly basis, in cash.

23. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week or his straight and overtime rate of pay.

24. Additionally, Defendants did not provide Plaintiff with a wage notice at the time of his hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by the employer.

25. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

26. Defendants acted in this manner to maximize their profits and minimize their labor costs.

27. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

28. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate of not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

30. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

31. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

32. Defendants willfully violated the FLSA.

33. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

34. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and costs and disbursements in this action for Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

35. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

37. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCCRR.

38. As also described above, Plaintiff, and any FLSA Plaintiff who opts in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

39. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

40. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, attorneys' fees, and costs and disbursements in this action for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

41. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

43. As described above, Defendants failed to furnish Plaintiff, and any FLSA Plaintiff who opts-in to this action, with accurate wage statements on each payday containing the criteria required by the NYLL.

44. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

45. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

46. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. NYLL § 195(1) requires that employers provide employees with wage notices containing accurate, specifically enumerated criteria within ten business days from the time of hire.

48. As described above, Defendants failed to furnish Plaintiff, and any FLSA Plaintiff who opts-in to this action, with accurate wage notices at hire containing the criteria required under the NYLL.

49. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $50 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.

50. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiff and/or any FLSA Plaintiff for participation in any form in this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL and as consistent with law;

g.      Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and a service payment to Plaintiff;

  h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law; and

  j. Granting Plaintiff, and FLSA Plaintiffs, such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
   March 15, 2017

            Respectfully submitted,
            BORRELLI & ASSOCIATES, P.L.L.C.
            *Attorneys for Plaintiff*
            655 Third Avenue, Suite 1821
            New York, New York 10017
            Tel. (212) 679-5000
            Fax. (212) 679-5005

     By: _____
        JEFFREY R. MAGUIRE (JM 1982)
        ALEXANDER T. COLEMAN (AC 1717)
        MICHAEL J. BORRELLI (MB 8533)