

655 Third Avenue
Suite 1821
New York, NY 10017
Tel. No. 212.679.5000
Fax No. 212.679.5005

1010 Northern Boulevard
Suite 328
Great Neck, NY 11021
Tel. No. 516.248.5550
Fax No. 516.248.6027

March 21, 2018

*Via ECF*
The Honorable Robert W. Lehrburger
United States Magistrate Judge for the
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *Nolasco v. Miranda International Inc., et al.*
            *Civil Action No. 17-cv-1925-RWL*

Dear Judge Lehrburger:

    As the Court knows, this office serves as counsel to the Plaintiff, Pedro Nolasco, in the above-referenced wage-and-hour action brought under, *inter alia*, the Fair Labor Standards Act ("FLSA"), against Defendants, Miranda International Inc., d/b/a Dr. Shine, and Gotardo Cortez (together, where appropriate, as "Defendants," and Defendants, together with Plaintiff, as "the Parties"). We submit this letter, on behalf of the Parties, to respectfully request that the Court approve the Parties' settlement of the Plaintiff's claims brought pursuant to the FLSA as fair and reasonable under the circumstances in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).[1] A copy of the Parties' fully executed settlement agreement is attached hereto as **Exhibit A.**

---

[1] Plaintiff also brings claims in this case for Defendants' alleged violations of numerous provisions of the New York Labor Law ("NYLL"), the settlement of which does not require court approval. *Simono v. Gemco Realty II, LLC*, Docket No.: 1:16-cv-05385 (AJN), Dkt. No. 32 (S.D.N.Y. Oct. 23, 2017). Therefore, while the attached agreement resolves Plaintiff's state law wage-related claims, the analysis herein is confined to the fairness of the settlement with respect to Plaintiff's FLSA claims only.

**I.      PRELIMINARY STATEMENT**

On March 16, 2017, Pedro Nolasco filed a Complaint in this Court against Defendants - - a corporation that operates several shoe repair facilities in Manhattan, as well as its owner and Plaintiff's direct supervisor - - on behalf of himself and all those similarly-situated, asserting claims that Defendants, *inter alia*, failed to pay him overtime pursuant to the FLSA. *See* Dkt. No. 1. Specifically, Nolasco alleged that he worked for Defendants as a non-exempt hourly shoe maker at Defendants' facility located in Manhattan, New York. For this work, Nolasco alleges that he routinely worked in excess of forty hours per week but that Defendants failed to pay him at the statutorily-applicable overtime rate of pay for all hours that he worked each week in excess of forty. Instead, Nolasco claims that Defendants only compensated him with a flat weekly salary, which was intended to cover only the first forty hours that Nolasco worked each week. On May 19, 2017, Defendants filed their Answer, denying all of Plaintiff's material allegations. *See* Dkt. No. 14.

On September 15, 2017, the District Court so-Ordered the Parties' stipulation to conditional certification pursuant to 29 U.S.C. § 216(b), permitting the Plaintiff to send notice to putative members of the collective. *See* Dkt. No. 23. Pursuant to that Order, Defendants provided the relevant employee contact information on September 27, 2017, and our office then sent notice shortly thereafter to five individuals. During the sixty-day opt-in period, which ended in early December 2017, Plaintiff's counsel did not receive any consent to join forms from putative members. Additionally during that opt-in period, the Parties exchanged requests for the production of documents and requests for interrogatories, and responses to those respective requests.

On January 19, 2018, the Parties requested a referral to Your Honor for a settlement conference. *See* Dkt. No. 28. On February 8, 2018, the Parties participated in a settlement conference supervised by this Court, with Plaintiff participating by telephone. Ultimately, with the Court's assistance, the Parties successfully resolved all claims asserted in this action. Substantially (if not completely) based on Defendants' finances, the Parties agreed, at the Court's recommendation, to settle the matter for a sum of $9,600.00, to be distributed over a twenty-four month payment plan.

Additionally, Plaintiff's counsel respectfully requests 19.5% of the total settlement amount, or $1,879.87, for attorneys' fees, plus $1,320.13 for out-of-pocket litigation expenses, for a total of $3,200, or one-third of the total settlement amount. The first payment is due no later than thirty days from the date on which the Court approves this settlement, with each

successive payment to be paid every thirty days thereafter. Each installment is to be split on a pro rata basis between Plaintiff and his counsel.

Moreover, in the event of a breach, the Parties' agreement provides that following a one week cure period, 1.5 times the remaining balance would become accelerated and immediately due, and Plaintiff can seek reasonable attorneys' fees and costs associated with making an application to the Court. For this reason, the Parties' proposed Order provides that the Court will retain jurisdiction to enter judgment if necessary.

The Parties respectfully submit that this agreement is fair and reasonable under the circumstances for the reasons detailed below.[2]

## II.     THE AGREEMENT IS FAIR AND REASONABLE

Court approval is required to settle and dismiss FLSA claims with prejudice under Federal Rule of Civil Procedure 41. *Cheeks*, 796 F.3d at 206-07. Courts routinely hold that "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Delgado v. Technical Institute of Am., Inc.*, 2018 WL 637761, at *1 (S.D.N.Y. Jan. 30, 2018) (citation omitted); *accord Chowdhury v. Brioni Am., Inc.*, 2017 WL 5953171, at *2 (S.D.N.Y. Nov. 29, 2017); *Kochilas v. National Merchant Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, because the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Id.* (citing *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement, and approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Tiro v. Pub. House Investments, LLC*, 2013 WL 4830949, at *10 (S.D.N.Y. Sept. 10, 2013) (citation and internal quotations omitted). Additionally, courts generally find that an agreement reached at a "Court-supervised settlement conference" indicates a fair and reasonable settlement. *See Chauca v. Abitino's Pizza 49th Street Corp.*, 2016 WL 3647603, at *2 (S.D.N.Y. June 29, 2016); *Cionca v. Interactive Realty, LLC*, 2016 WL 3440554, at *2 (S.D.N.Y. June 10, 2016).

In evaluating a proposed settlement of FLSA claims, most courts in this Circuit apply the five-factor test articulated in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The *Wolinsky* factors consider: (1) the Plaintiff's range of possible recovery; (2) the

---

[2] On February 27, 2018, all Parties consented to Your Honor's jurisdiction for all purposes. *See* Dkt. No. 33.

extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Id*.

Here, although Defendants dispute all liability, the sole issue discussed at the settlement conference was the Defendants' inability to withstand a judgment of basically any amount. To support this, Defendants provided their financial documents - - both corporate and personal - - that conclusively established their inability to pay anything more than a small amount over a long period of time. Based on this assessment, at the settlement conference, the Court recommended the sum of $9,600, payable over a period of twenty-four months. The Court also recommended a provision in the agreement that should Defendants fail to make a payment, then following a one week cure period, 1.5 times the remaining balance would become accelerated and immediately due, and the Parties further agreed that in that event, the Court would retain jurisdiction to enforce the agreement and enter judgment and Plaintiff could move for that relief if necessary at that time. The agreement further provides that the Plaintiff can seek reasonable attorneys' fees and costs in the event that a motion becomes necessary. Both Parties accepted the Court's recommendation. Plaintiff's acceptance of these terms is in sole recognition of the very likely result that rejection of these terms would ultimately leave Plaintiff without any recovery whatsoever due to Defendants' financial condition, even if Plaintiff received a judgment for many times that amount. Therefore, based on Plaintiff's counsel's assessment and the Court's recommendation, Plaintiff submits that the settlement is fair and reasonable, as opposed to the amount of zero in his pocket that was otherwise likely.

### III.    ATTORNEYS' FEES ARE ALSO REASONABLE

In addition to assessing the reasonableness of the settlement award, most courts since *Cheeks* have found that courts "must also assess the reasonableness of any attorneys' fee award." *Ordonez v. Mio Posto Restaurant, Inc.*, 2014 WL 4075996, at *1 (E.D.N.Y. Aug. 14, 2014) (citing *Wolinsky*, 900 F. Supp. 2d at 336). Attorneys' fees in FLSA settlements are examined, when examined, "to ensure that the interest of Plaintiff's counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." *Lliguichuzhca*, 948 F. Supp. 2d at 366 (citing *Wolinsky*, 900 F. Supp. 2d at 336).

Here, Plaintiff's counsel seeks one-third of the total settlement amount, or $3,200.00, for attorneys' fees and costs. This is comprised of $1,879.87 in attorneys' fees, and $1,320.13 in out-of-pocket litigation expenses. As for attorneys' fees, Plaintiff's counsel clearly billed substantially more than this amount, but seek only 19.5% of the total settlement amount in light

of the low recovery and unsatisfactory result of this litigation.[3]  Counsel would rather see Plaintiff get the extra money.  Additionally, with respect to expenses, the Firm is seeking reimbursement for $1,320.13, comprised mainly of filing fee, translation services for the FLSA notices sent, and postage.  Plaintiff's counsel's expense statement is annexed hereto as **Exhibit B**.

## IV.    CONCLUSION

In light of the foregoing, the Parties respectfully request that the Court approve their FLSA settlement and dismiss this matter with prejudice, while retaining jurisdiction for the sole purpose of enforcing the parties' agreement and entering judgment in the event of a breach in accordance with the agreement's terms.  There is a proposed order attached hereto as **Exhibit C** for the Court's convenience.

Respectfully submitted,

_____
Jeffrey R. Maguire, Esq.
*For the Firm*

C:  All Counsel of Record *via* ECF

---

[3] If necessary, Plaintiff's counsel will submit contemporaneous billing records at the Court's request.