# SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement (the "Agreement"), dated March ____, 2018, is entered into between Pedro Nolasco (the "Plaintiff") and Miranda International Inc., and Gotardo Cortez (the "Defendants").

WHEREAS Pedro Nolasco has filed a Complaint against Defendants in the matter captioned *Pedro Nolasco, on behalf of himself, individually, and on behalf of all other similarly situated v. Miranda International Inc.; and Gotardo Cortez*, Case No. 17-cv-1925 (PAC), which is pending in the United States District Court for the Southern District of New York (the "Litigation"); and

WHEREAS the parties hereto have agreed to settle finally and fully all claims that were or could have been asserted against each other in the Litigation or otherwise upon the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

1. <u>Release by Plaintiff</u>. In consideration of the payments and benefits set forth in Section 4 below, the Plaintiff hereby unconditionally and irrevocably releases, waives, discharges, and gives up any and all claims against Defendants, their parent and affiliate companies, subsidiaries, divisions, business units, committees, groups, officers, directors, shareholders, employees, successors, assigns, trustees, administrators, and executors (collectively referred to as "RELEASEES") and releases and forever discharges the RELEASEES and their heirs, executors, administrators, successors, trustees, assigns, subsidiaries, officers, directors, shareholders, employees, legal representatives, and agents of each of them from all actions, causes of action, and suits that against the RELEASEES that the Plaintiff, or any of the Plaintiff's heirs, executors, administrators, agents, successors, and/or assigns, may now have or hereinafter can, shall, or may have, for unpaid wages, minimum wage, overtime pay, expenses, salaries, benefits, commissions, bonuses, or any other wage-related compensation from the beginning of the world to the Effective Date (as defined below) including those claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the New York Labor Law, any New York wage-hour and wage-payment laws, and/or any other federal, state, or local wage-hour, wage-payment, or labor laws. Plaintiff shall not be deemed to be in breach of any provision of this Agreement by: (i) filing, providing information to or participating in, or testifying as part of any investigation, hearing, or proceeding conducted by a governmental agency; (ii) filing or recovering under a Workers' Compensation claim; or (iii) enforcing the terms of this Agreement against the Defendants.

2. <u>Representations; Covenant Not to Sue</u>.

(A) Plaintiff hereby represents and warrants to Defendants that he does not have: (i) with the exception of the Litigation filed, or caused or permitted to be filed, any pending proceeding against the Defendants, nor has he agreed to do any of the foregoing; (ii) assign, transfer, sell, encumber, pledge, hypothecate, mortgage, distribute, or otherwise dispose of, or convey to any third party, any right or Claim against the Defendants that has been released in this

1

Agreement; or (iii) directly or indirectly assisted any third party in filing, causing, or assisting to be filed any Claim against Defendants.

(B) Defendants hereby represent and warrant to the Plaintiff that they have not caused or permitted to be filed any pending proceeding against Plaintiff, nor have Defendants agreed to do any of the following: (i) assign, transfer, sell, encumber, pledge, hypothecate, mortgage, distribute, or otherwise dispose of, or convey to any third party, any right or claim against Plaintiff; or (ii) directly or indirectly assist any third party in filing, causing, or assisting to be filed any Claim against Plaintiff.

3. Payments and Benefits.

(A) As good consideration for Plaintiff's execution and delivery of this Agreement, Defendants agree to provide the Plaintiff with a payment in the aggregate amount of Nine Thousand Six Hundred Dollars and Zero Cents ($9,600.00), payable as described below, which shall be delivered to Michael J. Borrelli, Esq., Borrelli & Associates, P.L.L.C., 1010 Northern Boulevard, Suite 328, Great Neck, New York 11021:

(a) The $9,600.00 Settlement Amount, which shall be issued in twenty-four separate installments, shall be distributed as follows:

i. Within thirty (30) business days of the Court's approval of the settlement, the Defendants shall issue two (2) separate checks as follows:

a. One check shall be made payable to "Borrelli & Associates, P.L.L.C." in the amount of $133.33, representing attorneys' fees and costs, for which a Form 1099 will be issued to Plaintiffs and Plaintiffs' counsel.

b. One check shall be made payable to "Pedro Nolasco" in the amount of $266.67 as alleged back wages and liquidated damages, to be reported on an IRS 1099 form;

ii. The additional twenty three (23) installment payments shall be made each successive month at 30-day intervals beginning within thirty (30) days following the due date of the payments described in Paragraph 4(A)(a)(i) above, with the total settlement of $9,600.00 to be paid within twenty (24) months of the Court approval of the settlement, with each of these payments to be distributed as follows:

a. One check shall be made payable to "Borrelli & Associates, P.L.L.C." in the amount of $133.33, representing attorneys' fees and costs, for which a Form 1099 will be issued to Plaintiffs and Plaintiffs' counsel.

b. One check shall be made payable to "Pedro Nolasco" in the amount of $266.67 as alleged back wages and liquidated damages, to be reported on an IRS 1099 form;

(B) Should Defendants fail to deliver any of the above payments according to the schedule set out above, Plaintiff's attorneys shall notify Defendants' attorneys, via email to Douglas Varacalli at dvaracalli@svhllp.com, following Defendants' failure to make said payment. Defendants will then be afforded fourteen (14) days following the date Plaintiff's attorneys provided notice to cure their breach by delivering to Plaintiff's attorneys at the address listed above any amounts due and owing to Plaintiff. If Defendants timely cure their breach, no other dates in the above schedule shall become altered or in any way affected. If Defendants fail to timely cure their breach, one hundred fifty percent (150%) of the entire unpaid balance of the payments ($9,600.00 less any payments made under this Agreement) will then become due and owing, and Plaintiff may apply to the Court, which will retain jurisdiction over the Action to enforce the terms of this Agreement, to enter judgment for that amount, plus reasonable attorneys' fees and costs associated with seeking judgment for Defendants' breach.

(C) Plaintiff and Borrelli & Associates, P.L.L.C., shall provide Defendants with a Form W-9, and Defendants shall issue a Form 1099 to Plaintiff for the payments made to Plaintiff and Borrelli & Associates, P.L.L.C., and shall also issue a Form 1099 to Plaintiff and Borrelli & Associates, P.L.L.C. for the payments made to Borrelli & Associates, P.L.L.C.

(D) Plaintiff acknowledges and agrees that the payments and benefits in this Section 3 are in full and final settlement and satisfaction of the claims asserted, or that could have been asserted, in the Litigation, including attorney's fees and costs, and of Defendants' obligations under any compensation, deferred compensation, or similar agreements or arrangements, and all amounts otherwise due, if any, on account of the Plaintiff's employment by any of the Defendants. Plaintiff acknowledges that nothing in this Agreement shall be deemed to be an admission of liability on the part of Defendants.

(E) No representation regarding the tax implications of this Agreement or the manner in which this Agreement may be treated by the Internal Revenue Service is made by any Defendant, nor should any such representation be implied by any language within this Agreement. Plaintiff agrees and understands that neither Defendants nor their attorneys have made any representations regarding the tax treatment of the sums paid pursuant to this Agreement, and Plaintiff agrees that he is responsible for determining the tax consequences of such payments and for paying taxes, if any, that may be owed by himself with respect to such payments. In the event a claim for such taxes and/or penalties and interest is asserted by any taxing authority, however, Plaintiff agrees to, and does hereby, indemnify and hold Defendants harmless against any and all tax liability (including interest and/or penalties) as due thereon from Plaintiff.

4. Dismissal of the Litigation.

(A) No later than March 9, 2018, the parties agree that Plaintiffs' counsel will cause to be filed with the Court a Motion to Approve Settlement and/or any other documents needed to obtain settlement approval.

(B) Should the Court approve the settlement, the Litigation shall be dismissed with prejudice and without costs or attorneys' fees. Plaintiff shall file a proposed order and stipulation

dismissal along with the above-referenced motion no later than March 9, 2018, signed by all parties.

(C) Should the Court not approve the settlement, the parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on March 9, 2018.

5. <u>Who is Bound</u>. Defendants and Plaintiff are bound by this Agreement. Anyone who succeeds to Plaintiff's rights and responsibilities, such as Plaintiff's heirs and the executors and administrators of Plaintiff's estate, is bound by this Agreement, and anyone who succeeds to the Defendants' rights and responsibilities, such as their successors and assigns, is similarly bound.

6. <u>Death Clause</u>. If Plaintiff should die between the date of this Agreement and the delivery of the settlement proceeds as described in Section 3 hereinabove, the payments described in Sections 3 shall not cease and the Defendants shall deliver those payments to his attorneys who shall distribute the payments to the Plaintiff's estate.

7. <u>Severability</u>. If any term, provision, covenant, or restriction contained in this Agreement, or any part thereof, is held by a court of competent jurisdiction, or any foreign, federal, state, county, or local government or any other governmental regulatory or administrative agency or authority or arbitration panel, to be invalid, void, or unenforceable or against public policy for any reason, the remainder of the terms, provisions, covenants, and restrictions in this Agreement shall remain in full force and effect.

8. <u>Governing Law</u>. This Agreement shall be governed by and enforced in accordance with the laws of the State of New York without regard to its conflicts-of-law principles. The Parties consent to the Court retaining jurisdiction of this matter until the settlement proceeds are paid in full.

11. <u>Headings</u>. The headings in this Agreement are included for convenience of reference only and shall not affect the interpretation of this Agreement.

12. <u>Counterparts</u>. This Agreement may be executed and delivered with facsimile or scanned and emailed signature and in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13. <u>No Other Assurances</u>. Plaintiff acknowledges that in deciding to sign this Agreement that he has not relied on any promises or commitments, whether spoken or in writing, made to him by any Person except for what is expressly stated in this Agreement. This Agreement constitutes the entire understanding and agreement between the Plaintiff and Defendants, and this Agreement supersedes, replaces, and cancels all previous agreements and commitments, whether spoken or written, in connection with the matters described herein.

14. <u>No Retaliation</u>. Defendants agree not to engage in any activities against Plaintiff that are in retaliation for his participation in the lawsuit to the extent required by the FLSA and/or NYLL.

15. **Entire Agreement; Modification.** This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes any and all prior agreements or understandings (whether written or oral) of the parties relating to Plaintiff's employment or the cessation thereof.

16. **Opportunity For Review.** Plaintiff represents and warrants that he: (i) has read this Agreement; (ii) understands all the terms and conditions thereof; (iii) is not incompetent or had a guardian, conservator, or trustee appointed for himself; (iv) has entered into this Agreement of his own free will and volition; (v) has duly executed and delivered this Agreement; (vi) understands that he is responsible for his own attorneys' fees and costs; (vii) has had the opportunity to review this Agreement with counsel; (viii) has been given a reasonable period of time to review this Agreement before signing it; and (ix) understands that this Agreement is valid, binding, and enforceable against the parties hereto in accordance with its terms.

17. **Shifting Counsel Fees.** In any dispute concerning an alleged breach of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs, including any reasonable fees incurred in making such application for attorneys' fees.

18. **Effective Date.** The "Effective Date" is the date upon which the Court issues its order or opinion approving this settlement.

19. **Signatories' Representations.** The persons affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement on their own behalf and/or on behalf of the entities they represent.

20. **Non-admission.**

(A) Plaintiff understands that Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Agreement Defendants do not acknowledge or admit in any way that the Plaintiff's claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state, or local law, statute, order, ordinance, rule, regulation, or contract, or common law requirement, duty, or obligation.

(B) Whether or not this Agreement becomes effective, neither this Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation, or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff has suffered any damage. Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

Agreed to and accepted on this ____ day of March, 2018

(B)     Whether or not this Agreement becomes effective, neither this Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation, or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff has suffered any damage. Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

Agreed to and accepted on this _13_ day of March, 2018

_____
Pedro Nolasco

Agreed to and accepted on this _13_ day of March, 2018

_____
Miranda International Inc..

By:_____
Name:
Title:

Agreed to and accepted on this ____ day of March, 2018

_____
Gotardo Cortez

6

Pedro Nolasco

Agreed to and accepted on this \_7th\_ day of March, 2018

_____

Miranda International Inc..

By: *(signature)*
Name: WilliAN Miranda
Title: Secretary

Agreed to and accepted on this \_7th\_ day of March, 2018

_____
Gotardo Cortez